UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

GERARD V. SUNNEN, M.D.,

        Plaintiff,

-against-

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES; DENNIS P.
WHALEN, DIRECTOR, NEW YORK STATE
DEPARTMENT OF HEALTH;
NIRAV R. SHAH, M.D., M.P.H.,
COMMISSIONER, NEW YORK STATE
DEPARTMENT OF HEALTH; KENNETH W.
SERVIS, DIRECTOR, OFFICE OF
PROFESSIONAL MEDICAL CONDUCT,
ARTHUR S. HENGERER, M.D., CHAIR, NEW
YORK STATE OFFICE OF PROFESSIONAL
MEDICAL CONDUCT, AND JOHN DOES 1-10,

        Defendants.

-----------------------------------------------------------X

MEMORANDUM AND ORDER

13 Civ. 1242 (PKC)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-28-13

P. KEVIN CASTEL, United States District Judge:

    Plaintiff, appearing pro se, brings this action seeking, for a third time in this District, to challenge proceedings in 1996 that led to the revocation of his license to practice medicine. For the reasons explained, this Court dismisses his complaint sua sponte..

## STANDARD OF REVIEW

    The Court has the authority to dismiss a frivolous complaint sua sponte, even when the plaintiff has paid the filing fee. See, e.g., Fitzgerald v. First East Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). District courts "remain obligated" however, "to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72

(2d Cir. 2009). Thus, courts should read pro se complaints with "special solicitude" and interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff filed his complaint on February 25, 2013, and subsequently filed an amended complaint on March 14, 2013. Plaintiff alleges that his rights under Title VII of the Civil Rights Act of 1964 and his due process rights were violated during New York State Department of Health proceedings that led to the revocation of his license to practice medicine. Because plaintiff was unable to practice medicine, he alleges that seven of his former patients were denied care and died, and that certain medical studies in Egypt that he was involved with were abandoned. Plaintiff also alleges that the loss of his medical license prevented him from providing medical care after TWA flight 800 plane crash in 1996, during the September 11 terrorist attacks, and during a period from 1996 to 2007, when the French-American community in New York was allegedly targeted because France did not support the war in Iraq.

Plaintiff challenged the revocation of his license in two prior actions in this District. On January 15, 2010, plaintiff filed a complaint, alleging that the State of New York, its governor, the New York State Department of Health ("NYSDOH"), and its commissioner violated Title VII and state law based on the revocation of his license. See Sunnen v. State of New York, 10 Civ. 372 (PKC). This Court granted the defendants' motion to dismiss the case on September 10, 2010, concluding that plaintiff's Title VII and 42 U.S.C. § 1983 claims failed to state a claim and were time-barred. Sunnen v. New York, 2010 WL 3912728 (S.D.N.Y. Sept. 20, 2010). This Court also declined to exercise supplemental jurisdiction over plaintiff's state law claims, which included defamation claims based on allegations from his revocation hearings.

Plaintiff's second action in this District originated from a January 2012 complaint that he filed with the New York State Department of Human Rights ("NYSDHR"), alleging that the NYSDOH failed to provide adequate health care to the French-American community when an anti-French atmosphere allegedly pervaded New York during the Iraq war. After the NYSDHR

2

dismissed the complaint, Plaintiff appealed the determination through an Article 78 proceeding in New York State Supreme Court against the NYSDOH, Senator Charles E. Schumer, and Mayor Michael R. Bloomberg. Plaintiff alleged that the NYSDOH impinged his due process rights during his license revocation hearings, and that Senator Schumer and Mayor Bloomberg failed to appropriately speak out against anti-French animus. Plaintiff also alleged that the NYSDOH was responsible for discontinuing studies in Egypt that Plaintiff had helped to conduct, and that the NYSDOH committed libel by publishing false information about him. Senator Schumer removed the case to this court on April 30, 2012. See Sunnen v. NYSDOH, No. 12 Civ. 3417 (CM). Judge Colleen McMahon granted the defendants' motion to dismiss the case on December 21, 2012, concluding that the claims were frivolous; that plaintiff's claims under the Federal Tort Claims Act were not administratively exhausted; that his Section 1983, libel and slander claims against the NYSDOH were barred by the Eleventh Amendment; and that the court lacked subject matter jurisdiction. Sunnen v. New York State Dep't of Health, 2012 WL 6645942 (S.D.N.Y. Dec. 21, 2012). Plaintiff's appeal of that order of dismissal is pending.

In this action, Plaintiff reiterates his claims that the NYSDOH officials violated due process and Title VII during his revocation hearings, and that it committed libel. Plaintiff names the current heads of the NYSDOH and its Office of Professional Medical Conduct as defendants. Plaintiff also alleges that the U.S. Department of Health and Human Services ("DHHS") violated his due process rights and Title VII because various federal officials disregarded his letters regarding the alleged NYSDOH violations. Plaintiff alleges that the DHHS oversees the policies and actions of the NYSDOH.

## DISCUSSION

### A.   DHHS

Plaintiff's claims against the DHHS must be dismissed as frivolous because the federal agency does not oversee the policies and actions of the NYSDOH and therefore the DHHS could not grant Plaintiff the relief that he seeks. See Linder v. United States, 268 U.S. 5, 18 (1925) ("direct control of medical practice in the states is beyond the power of the federal

government."). Because the NYSDOH's decision to revoke plaintiff's medical license was beyond the power of the DHHS, plaintiff's claims against the DHHS are dismissed.

Plaintiff's claims against the DHHS alternatively are dismissed because the doctrine of sovereign immunity bars federal courts from hearing suits for money damages against the federal government except where sovereign immunity has been waived. See, e.g., United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Inasmuch as plaintiff alleges that his constitutional rights were violated by employees of the federal government, this Court liberally construes the complaint as an action brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Haines v. Kerner, 404 U.S. 519, 520 21 (1972) (per curiam). A Bivens action may not be brought against federal agencies or federal officers in their official capacities, but must be brought against individual federal employees, officials, or agents. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); see also Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a Bivens action is an award for monetary damages from defendants in their individual capacities.") Thus, Plaintiff's Bivens claims against the DHHS are dismissed.

Even if plaintiff had named individual federal officials as defendants, he has failed to state a cognizable Bivens claim because he does not plausibly allege that any federal officials that he contacted were personally involved with, or had the authority to reverse, the NYSDOH decision to revoke his license. See, e.g., Johnson v. Wright, 234 F. Supp. 2d 352, 363 (S.D.N.Y. 2002) (merely sending letters to individuals who had no authority over alleged Section 1983 claims fails to establish personal involvement). Finally, plaintiff's Title VII claims against

4

DHHS must be dismissed because he was not an employee of DHHS. 42 U.S.C. § 2000e-2(a) (rendering it unlawful "for an employer" to engage in discriminatory practices).

## B. NYSDOH Officials

Plaintiff's remaining claims against NYSDOH officials are dismissed pursuant to the doctrine of res judicata. A court may raise the issue of res judicata sua sponte. Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 398 & n. 4 (2d Cir. 2003). "Under the doctrine of res judicata, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000).

A claim is precluded under this doctrine if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000) (citation omitted). Res judicata applies to cases that are dismissed for failure to state a claim. See Berrios v. New York City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) ("As the sufficiency of a complaint to state a claim on which relief may be granted is a question of law, the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects.") Res judicata also applies to judgments that are pending on appeal. See also Chariot Plastics, Inc. v. United States, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998) (res judicata applies once final judgment is entered in a case, even while an appeal from that judgment is pending) (citing Petrella v. Siegel, 843 F.2d 87, 90 (2d Cir. 1988)). State officials sued in their official capacities and the state agency that they work for are in privity for purposes of res judicata. See O'Connior v. Pierson, 568 F.3d 64, 71 (2d Cir. 2009).

Res judicata applies to the claims that plaintiff raises against the NYSDOH defendants because (1) plaintiff's previous actions were dismissed for failure to state a claim and thus adjudicated on the merits; (2) plaintiff has named defendants in privity with the New York State

5

Department of Health, which was named as a defendant in each of plaintiff's previous actions;[1] and (3) plaintiff is raising the same Title VII, Section 1983, and state law claims that he raised in his previous actions. Plaintiff's claims against the NYSDOH officials are therefore dismissed.

While the Court would normally allow a pro se plaintiff to amend his complaint under Fed. R. Civ. P. 15(a), the Court denies such leave in this case because an amendment would be futile. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 124-25 (2d Cir. 2011); Bozeman v. Rochester Tel., 205 F.3d 1321, 1321 (2d Cir. 2000). In light of plaintiff's history of filing meritless claims involving the revocation of his medical license, he is warned that further duplicative or frivolous litigation in this Court may result in an order barring plaintiff from filing new actions without prior permission. See 28 U.S.C. § 1651.

## CONCLUSION

The complaint is dismissed sua sponte. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. KEVIN CASTEL
United States District Judge

Dated: March 28, 2013
New York, New York

---

[1] Plaintiff does not state if he is suing the individual NYSDOH defendants in their individual or official capacities, though he lists them only by their job titles with the NYSDOH. The Court construes plaintiff's claims against the individual NYSDOH defendants as brought against them in their official capacities because plaintiff does not allege that they acted outside the scope of their employment or that they were personally involved in the alleged violations. See Shekhem'El-Bey v. New York, 464 F. Supp. 2d 329, 334 n.3 (S.D.N.Y. 2006) ("Absent a single allegation that the individual defendants acted outside the scope of their employment or were otherwise personally involved in the alleged violations. . . this Court must assume that plaintiff's claims against the individual defendants are viable only as official capacity claims.").

6